UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MICHAEL ANTHONY DUPRE LUCARELLI,

Defendant.

Case No. 14-6933 (NRB)
ECF CASE

## CONSENT OF DEFENDANT MICHAEL LUCARELLI

1.      Defendant Michael Anthony Dupre Lucarelli ("Defendant") has waived service of a summons and the complaint in this action, hereby enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action.  Specifically, in *United States v. Lucarelli*, Crim. No. 14-cr-00632 (JMF) (S.D.N.Y.), Defendant pleaded guilty to a violation of Section 10(b) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder.  In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent.  This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Lucarelli*.

3.      Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities

1

Act of 1933 [15 U.S.C. § 77q(a)] and Sections 10(b) and 14(e) of the Exchange Act [15 U.S.C. §§ 78j(b), 78n(e)] and Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.14e-3].

4.      Defendant agrees that the court may order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].  Defendant further agrees that the amount of the disgorgement and civil penalty, if any, shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

5.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to a Final Judgment that may be ultimately imposed pursuant to paragraph 4 above,

regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to a Final Judgment that may be ultimately imposed pursuant to paragraph 4 above, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of a Final Judgment that may be ultimately imposed pursuant to paragraph 4 above.

8.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

10.      Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.      Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty

days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

12.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only certain of the claims asserted against Defendant in this civil proceeding, leaving the claims for disgorgement, prejudgment interest and penalties to be resolved.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings."  As part of Defendant's agreement to

comply with the terms of Section 202.5(e),  Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 10/17/14

Michael Anthony Dupre Lucarelli

On   OCT 17   , 2014, Michael Anthony Dupre Lucarelli, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

Approved as to form:

PATRICIA SANFELICE
Notary Public, State of New York
No. 01SA5061851
Qualified in Westchester County
Commission Expires   6/28/18

Patrick W. McGinley, Esq.
Cuomo, LLC
9 East 38th Street
New York, N.Y. 10016

Attorney for Defendant Michael Anthony Dupre Lucarelli

6